JEFFERSON CITY SAVINGS ASSOCIATION, Plaintiff in Error, *v.*
A. W. MORRISON, Defendant in Error.

1. *Practice, Civil — Appeals — Act establishing District Courts — Power of Circuit Judge to grant Appeals in Vacation.*— Where, nineteen days after the entry of a judgment in a Circuit Court, and in vacation, the judge before whom the cause was tried indorsed upon the transcript an order allowing an appeal to the District Court, and no reason was given for making this order, and no statement made in reference to it, except that it was done upon an inspection of the record: *held*, that such appeal was improperly entertained by the District Court, and ought to have been dismissed. Although in the act establishing District Courts the legislature failed to designate in express terms the manner of taking appeals or prosecuting writs of error from the Circuit Court, it evidently intended to make the provisions of the act of 1855 applicable to the new system contemplated by the constitution. Hence, to make an appeal from the Circuit to the District Court in all respects regular and proper, it is still necessary to comply with the provisions of that act—no provision of the statute, either expressly or by inference, authorizing the judge of a Circuit Court in vacation to make an order allowing such appeal. The powers formerly conferred upon the Supreme Court, or any judge thereof, to act in similar premises, have not been transferred to the District Courts.

*Error to Fourth District Court.*

*Ewing & Smith*, for plaintiff in error.

*Lay & Belch*, and *G. T. White*, for defendant in error.

FAGG, Judge, delivered the opinion of the court.

This cause is brought here by writ of error from the First District Court, where it was determined upon an appeal from the Circuit Court of Cole county. The first inquiry arising upon the record is in relation to the appeal, for the purpose of ascertaining whether the District Court was regularly possessed of the cause so as to authorize it to proceed to a final determination of it. The transcript shows nothing but the petition and summons, with the return of the officer and the judgment of the Circuit Court. The judgment having been rendered on the third day of the term, a motion was filed on the tenth day of the same term to set it aside. A brief entry was made of this motion, without copying it, and also a similar entry made two days thereafter that it was overruled by the court. There was no application for the allowance of an appeal during the term; no affidavit made, and no steps taken at the time to meet the requirements of the statute in such cases. The entry of the judgment was made on the 8th day of August, 1866; and, on the 27th day of October following, the judge before whom the cause was tried indorsed upon the transcript an order allowing an appeal to the District Court. No reason is given for the making of this order, and no statement made in reference to it, except that it was done upon an inspection of the record. It is clear that, in attempting to carry out the provisions of the constitution requiring the establishment of district courts, the legislature failed to designate in express terms the manner of taking appeals or prosecuting writs of error from the Circuit Court. It is, however, sufficiently apparent that it was intended to make the provisions of the act of 1855 upon that subject applicable to the new system contemplated by the constitution. Hence, to make an appeal from the Circuit to the District Court in all respects regular and proper, it is still necessary to comply with the provisions of that act. It does not appear that any effort whatever was made in this case to pursue the directions of that statute. The judge, in making the order in vacation, must have proceeded upon the idea that the power formerly conferred upon the Supreme Court

Jefferson City Savings Association v. Morrison.

or any judge thereof had been transferred to the District Court. We do not feel at liberty to adopt such a construction of the statute. There is no express provision authorizing it, and nothing from which such an intention can be inferred. The appeal was, therefore, improperly entertained by the District Court, and ought to have been dismissed. This view of the case precludes any inquiry into the question of error apparent upon the record, and is sufficient to authorize the reversal of the judgment of the District Court.

The other judges concurring, the judgment of the District Court is reversed and the cause ordered to be stricken from the docket of that court.